1  J. KEVIN LILLY, Bar No. 119981
2  KARA L. JASSY, Bar No. 198846
   ELIZABETH NGUYEN, Bar No. 238571
3  LITTLER MENDELSON
   A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA  90067.3107
   Telephone:   310.553.0308
5  Facsimile:   310.553.5583
   E-mail: klilly@littler.com; kjassy@littler.com;
6  enguyen@littler.com

7  Attorneys for Defendants
   LUXOTTICA U.S. HOLDINGS CORP. and COLE
8  VISION CORPORATION

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12  ANONA ADAMS and MARY            Case No.  SACV 07-1465 AHS (MLGx)
    RAFAEL individually, as private
13  attorneys general, and on behalf of all    ASSIGNED FOR ALL PURPOSES TO
    employees similarly situated,            THE HONORABLE ALICEMARIE H.
14                                           STOTLER
                    Plaintiffs,
15                                           **MEMORANDUM OF POINTS AND
    v.                                       AUTHORITIES IN SUPPORT OF
16                                           DEFENDANTS' MOTION FOR
    LUXOTTICA U.S. HOLDINGS                  JUDGMENT ON THE PLEADINGS**
17  CORP. and COLE VISION
    CORPORATION dba TARGET                   **[Fed. R. Civ. Proc. 12(c)]**
18  OPTICAL and SEARS OPTICAL and
    DOES 1 THROUGH 100,                      **Date:         October 6, 2008**
19  INCLUSIVE,                               **Time:         10:00 a.m.**
                                             **Courtroom:   10A**
20                  Defendants.

21

22

23

24

25

26

27

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

# I.

## SUMMARY OF ARGUMENT

This case originated as a putative wage and hour class action.  Plaintiffs Anona Adams and Mary Rafael ("Plaintiffs") claimed lost compensation and other remedies for the alleged failure to provide meal and rest breaks under California law. Plaintiffs did not move for class certification by August 1, 2008, as was required under this Court's January 23, 2008 order.  Plaintiffs' counsel indicated that "due to developments in the law" they would not attempt to certify a class.  Instead, Plaintiffs' counsel now assert that they may pursue "a representative private attorney general action under Labor Code 2698," on behalf of all aggrieved employees, without complying with Rule 23.  For the reasons stated below, the Court should not permit plaintiffs to proceed with a "representative" action and should dismiss any allegations that this case is a "class" or "representative" action.

The primary argument in support of plaintiffs' attempt to "end-run" the Federal Rules is that the California Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699 permits such an action outside the constraints of the class action procedure.  The extent to which PAGA permits a plaintiff to proceed in a representative capacity absent class certification is currently before the California Supreme Court in *Arias v. Sup. Ct,* 153 Cal. App. 4th 777 (July 24, 2007), *pet. rev. granted*, 67 Cal. Rptr. 3d 460 (Oct. 10, 2007).[1]  Plaintiffs' reliance on the theory advanced by the plaintiff in *Arias* is inconsistent with the statute, its legislative history, and fundamental notions of due process. PAGA was never intended to authorize aggrieved employees to seek relief on behalf of other employees without

---

[1] *Arias v. Sup. Ct.*, 153 Cal. App. 4th 777 (July 24, 2007), is the only appellate case squarely addressing the issue of whether an employee pursuing claims of unnamed employees under PAGA must comply with class certification requirements.  *See Arias*, 67 Cal. Rptr. 3d 460.  That case, now on review, cannot be cited in California courts.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1.

Firmwide:86569344.3 052266.1021

1  certification of such claims.  In fact, the bill's sponsor assured those opposed to the

2  bill that claims would have res judicata effect.  The only way "representative" claims

3  under PAGA have any res judicata effect is if (1) the aggrieved employees are named

4  parties to the action or (2) the claims are certified.

5        This Court need not, however, predict how the California Supreme Court

6  will decide this question of California procedure.  Plaintiffs' proposed approach to this

7  case is contrary to the applicable Federal Rules of Civil Procedure.  Rule 23 of the

8  Federal Rules of Civil Procedure governs Plaintiffs' purported procedural right to

9  proceed on behalf of absent plaintiffs.  Both the Rule and the conceptions of due

10  process it embodies prohibit Plaintiffs from representing unnamed parties in the

11  absence of class certification.  Further, allowing Plaintiffs to proceed with an

12  uncertified "representative" action would violate Constitutional limits on standing.

13        Allowing plaintiffs to pursue their PAGA claim on behalf of unnamed

14  parties would unlawfully subject the Defendants to "one-way intervention."  Absent

15  certification, Defendants would be bound by an adverse ruling, but members of the

16  "class" adverse to it would not.  Such "one-way intervention" is precisely the unfair

17  procedure that Rule 23 is intended to prevent.  *See Fireside Bank v. Superior Court*,

18  40 Cal. 4th 1069, 1078-79 (2007).  On the other hand, if plaintiffs were somehow to

19  prevail on their representative PAGA action, the unnamed plaintiffs would

20  presumably be bound by plaintiffs' counsel decision to seek the limited remedies

21  available under PAGA and forego their own rights to claim, pursue, settle, or waive

22  those rights.  The right of unnamed plaintiffs to pursue individual claims – if they

23  believe their rights were violated – should not be defined by plaintiffs and their

24  counsel.

25        Finally, even if the Court determines that representative claims are

26  permissible in federal court, this Court should exercise its discretion and refuse to

27  permit a "representative action" as to Plaintiffs' civil penalty claims.  Plaintiffs'

28  proposed representative action would not offer the benefits of a streamlined or

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:86569344.3 052266.1021                    2.

1  efficient procedure.  To the contrary, the Court would be required to conduct nearly a

2  thousand mini-trials.  Each of these would require individualized inquiry concerning

3  whether and when individual employees were provided meal and rest breaks, creating

4  insuperable problems of judicial administration.

## II.

### STATEMENT OF FACTS

**A.  Plaintiffs Abandoned Their Class Claims After Missing The Deadline to File A Motion For Class Certification**

This was an action for alleged failure to provide meal and rest breaks under California law.  *See, e.g.* Cal. Lab. Code § 226.7.  It was filed in the California Superior Court as a putative class action.  Defendants removed the case on December 21, 2007, with jurisdiction under the Class Action Fairness Act, 28 U.S.C., 1453 ("CAFA").

The original deadline for Plaintiffs to file their Motion for Class Certification was March 20, 2008.[2]  The parties later agreed to request that the Court extend the deadline until August 1, 2008, to allow more time to conduct discovery. By order dated January 23, 2008, this Court granted the requested extension.

The parties held an early meeting of counsel and engaged in discovery. This included extensive negotiations concerning the scope of permissible discovery up until mid-June, 2008.  Defendants have produced over 18,000 pages, including time records from an agreed number of its many California facilities.

On the afternoon of the August 1 deadline, counsel for Plaintiffs contacted the defendant requesting a further extension of the deadline for class certification.  Declaration of J. Kevin Lilly, ¶ 3.  Plaintiffs had not previously requested another extension, nor had they indicated anything to suggest that they

---

[2] Local Rule 23-3 requires certification motion be filed within 90 days after service of the pleading that purportedly commences the class action.  March 20, 2008 is 90 days after December 21, 2007 (the date this case was removed).

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021                3.

1  would not attempt to proceed under Rule 23.  Counsel for Defendants did not agree to

2  the request for an extension.

3          On August 12, 2008, Plaintiffs' counsel stated for the first time that they

4  had abandoned their class action allegations and were proceeding as a representative

5  private attorney general action under PAGA.  Counsel put it thus: "If you haven't

6  already figured it out, we are not attempting to certify the <u>Adams v. Luxottica</u> class."

7  *See* Defendant's Request for Judicial Notice ("RJN"), Ex. A, ¶ 6, exhibit 1.  Counsel

8  subsequently stated to the Court, in Plaintiffs' August 25, 2008 Opposition to Ex Parte

9  Application, that they had abandoned class certification "[d]ue to developments in the

10  law after the case was filed...."  RJN, Ex. B, page 3, line 27.  One reason cited by

11  Plaintiffs for this decision was the Court of Appeal's recent decision in *Brinker*

12  *Restaurant Corporation v. Superior Court (Hohnbaum)*, 165 Cal. App. 4th 25 (July

13  22, 2008)(*pet. for rev. pending*) which, along with numerous federal district court

14  decisions, held it inappropriate to certify class actions in California meal and rest

15  break cases.[3]

16      **B.    Plaintiffs' Allegations Under PAGA**

17          Plaintiffs' PAGA[4] claim was the last of the nine claims in their First

---

[3]  *See, e.g. Moreno v. Guerrero Mex. Food Prod., Inc.,* No. CV 05-7737 DSF (PLAx)
(C.D. Cal. Oct. 11, 2007); *Perez v. Safety-Kleen Sys., Inc.*, No. C05-5338 PJH, 2008
WL 2949268 (N.D. Cal. July 28, 2008); *Kenny v. Supercuts, Inc.*, No. C 06-07521
CRB, 2008 WL 2265194 (N.D. Cal. June 2, 2008); *Brown v. Fed. Express Corp., et
al.*, No. CV 07-5011 DSF (PJWx), 2008 WL 906517 (C.D. Cal. Feb. 26, 2008);
*Blackwell v. Skywest Airlines, Inc.*, 245 F.R.D. 453 (S.D. Cal. 2007); *Kimoto v.
McDonalds Corps.,* No. CV 06-3032 PSG (FMOx) (C.D. Cal. Aug. 19, 2008).

[4]  PAGA was enacted in 2004 to improve enforcement of Labor Code obligations and
authorized an aggrieved employee to bring a civil action to collect civil penalties on
behalf of himself and other aggrieved employees after he exhausted his administrative
remedies.  *Caliber Bodyworks v. Sup. Ct.* (*Herrera*), 134 Cal. App. 4th 365, 370
(2005).  PAGA authorized an aggrieved employee to recover of civil penalties that
previously could only be assessed and collected by the LWDA.  *Id.* at 382.  Any
penalties recovered must be distributed 75% to the LWDA and 25% to the aggrieved
employees. Lab. Code § 2699 subd. (i).

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021                                    4.

Amended Complaint ("FAC"), which was filed on November 26, 2007.[5]  The FAC alleged that the named plaintiffs were "aggrieved employees" under LC § 2699, and sought to recover Civil Penalties under PAGA on behalf of "all non-exempt employees" of the defendants.  (FAC ¶ 92).  PAGA's remedies, for "civil penalties," are significantly different than the FAC's claims for wages and statutory penalties.  *See Caliber Bodyworks, Inc. v. Sup. Ct. (Herrera)*, 134 Cal.App.4th 365 (2005).

        Although the FAC mentions PAGA, Plaintiffs did not exhaust their required administrative remedies until eight months later, by a letter from plaintiff Rafael, dated June 20, 2008.[6]  Declaration of J. Kevin Lilly ¶ 4, Ex. A.  The actual remedies now demanded under PAGA are unclear, as plaintiff's letter to the LWDA is vague, simply claiming that defendant violated a dozen sections of the Labor Code.  *Id.*

# III.

# ARGUMENT

**A.    Plaintiffs' Class Action Allegations May Be Challenged In A Motion For Judgment On The Pleadings**

        Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter

---

[5] Their claims were as follows: (1) failure to pay overtime wages; (2) unfair business practices; (3) conversion; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) unfair competition; (7) violation of Labor Code § 203; (8) violation of Labor Code § 226; and (9) <u>violation of the Labor Code Private Attorney General Act (Labor Code §§ 2698-2699)</u>.

[6] Prior to filing a civil action pursuant to the PAGA, an aggrieved employee is required to provide written notification of the claim to the Labor and Workforce and Development Agency ("LWDA") *and* to the employer, to include the facts and theories to support the alleged violations.  Cal. Lab. Code § 2699.3(a)(1).  The aggrieved employee may only file their civil action after (1) receiving notification from the LWDA that they are not going to investigate the claim or (2) 33 days after the aggrieved employee sends his/her written notice should the LWDA fail to respond.  Cal. Lab. Code § 2699.3(a)(2).

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021                5.

the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  "Courts dismiss complaints under Rule 12(c) for either of two reasons:  (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory."  *Gutierrez v. RWD Techs., Inc.*, 279 F.Supp.2d 1223, 1224 (E.D. Ca. 2003) (*quoting Young v. Car Rental Claims, Inc.,* 255 F.Supp.2d 1149, 1153 (D. Haw. 2003)).  "The same standard applies to motions made under rule 12(c) as applies to motions made under Rule 12(b)(6)."  *Gutierrez*, 279 F.Supp.2d at 1224 (referring to 2 James Moore, et al, Moore's Federal Practice § 12.38 (3d ed. 2002)).  While a court's analysis of a motion under Rule 12(b)(6) is generally limited to the face of the complaint, a court may consider documents attached as exhibits to pleadings, incorporated by reference into pleadings, and matters of which the judge may take judicial notice.  *MGIC Indem. Corp. v. Weisman* 803 F.2d 500, 504 (9th Cir. 1986)(on motion to dismiss court may take judicial notice of matters outside of pleadings); Moore's Federal Practice §12.34[2] (3d ed. 2001).

Under Rule 23 of the Federal Rules, the Court must determine whether a case should proceed as a class action:  "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A); C.D. Ca. Rule 23-3 (requiring class action determination within 90 days after the filing of the action unless otherwise ordered by the Court).  The propriety of proceeding with a case as a class action may be raised by any party, or by the Court *sua sponte*.  *See Vinole v. Countrywide Home, Inc.*, 246 F.R.D. 637 (S.D. Cal. 2007) (may be raised by party opposing the class); *Meyers v. Ace Hardware*, 95 F.R.D. 145, 149 (N.D. Ohio 1982)(same); *Boring v. Medusa Portland Cement Co.*, 63 F.R.D. 78, 90 (M.D. Pa. 1974) (same); *McGowan v. Faulkner Concrete Pipe Co*, 659 F.2d 554, 559 (5th Cir. 1981) (Court may rule *sua sponte* on allegations regarding class action).  Defendant in this motion requests that Plaintiffs' demand to proceed in a representative capacity, either as a class action under Rule 23 or independent of it, be dismissed with

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

6.

prejudice.

**B.    Plaintiffs' Class Claims Should Be Dismissed With Prejudice.**

Plaintiffs have twice confirmed, including to the Court, that they have abandoned any attempt to proceed as a class action under Fed. R. Civ. P. 23.  *See supra*, p. 4; RJN, Exs. A and B.  Even had Plaintiffs not abandoned their class claims, dismissal of Plaintiffs' class and representative allegations is proper because Plaintiffs have failed to move for certification in compliance with the Court's January 23, 2008 Order.  *See e.g., Kimoto v. McDonald's Corps.,*  Case No. CV 06-3032 PSG (FMOx) (C.D. Cal. August 19, 2008) (noting that plaintiffs' failure to file a motion for certification at "an early practicable time" under Rule 23(c)(1)(A), in and of itself warrants denial of class certification); *Seig v. Yard House Rancho Cucamonga, LLC,* 2007 U.S. Dist LEXIS 97209 (C.D. Cal. Dec. 10, 2007) (denying plaintiffs' motion for class certification on the basis that plaintiffs failed to comply with Local Rule 23-3 and their motion was untimely, *citing Joseph N. Main P.C. v. Electronic Data Sys. Corp.*, 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint)); *see also Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); *Reichman v. Bureau of Affirmative Action*, 536 F. Supp. 1149, 1168-69 (M.D. Pa. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); *Coffin v. Sec'y of Health, Educ. & Welfare*, 400 F. Supp. 953, (D.D.C. 1975) (same)."

Plaintiffs' counsel conceded that they opted not to pursue class claims "due to developments in the law" and on this basis, this Court should dismiss all of plaintiffs' claims for class action relief with prejudice.

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

7.

**C.    Plaintiffs' Failure to Seek Certification Pursuant to Rule 23 Coupled With Federal Principles Preclude Plaintiffs From Pursuing Their Representative Claims Under California's Private Attorney General Act**

Having conceded that developments in the law foreclose certification of a class in this case, Plaintiffs seek to recover civil penalties in a representative capacity under PAGA.  Thus, the remainder of this motion addresses Plaintiffs' Ninth Claim for Relief, under PAGA, to the extent that such claim is asserted in a "representative" capacity on behalf of unnamed former and current employees, i.e. Plaintiffs' representative claims.  The Court should not permit such an action to proceed.

**1.    Rule 23 Governs Plaintiffs' Procedural Right To Proceed On Behalf of Unnamed Plaintiffs.**

Under Rule 23, "[o]ne or more members of a class may sue . . .  as *representative parties* on behalf of all members *only if*" he/she complies the requirements of class certification. Fed. R. Civ. Proc. 23 (*emphasis added*).  "The class-action device was designed as an 'exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982)(*citing to Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979))*.*  Absent compliance with the certification procedures set forth in Rule 23 and a finding that the claims are proper for class treatment, this Court lacks jurisdiction over the claims of unnamed plaintiffs.

When the certification requirements of Rule 23 are satisfied, "'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Ibid.*  Certification of a suit as a class action has important consequences as the unnamed class members are bound by the Court's judgment whether its favorable to the unnamed class members or not.  Fed. R. Civ. Proc. 23(c)(3), Advisory Committee Notes (as revised 23(c)(3) excludes one-way

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

8.

intervention).  Rule 23 also provides safeguards against potential abuses of unrepresented parties' rights.  *See* Fed. R. Civ. Proc. 23.  Class action procedures insure protection of the rights of absent parties in accordance with the requirements of due process.  *See Hansberry v. Lee*, 311 U.S. 32, 43 (1940).

### a.    Pursuing Claims On Behalf Of Unnamed Parties Is A Procedural Right Governed By Rule 23

Under the *Erie* doctrine, federal courts sitting in diversity actions apply state *substantive* law and federal *procedural* law.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  Where the choice is between a state procedural rule and that which involves the Federal Rules of Civil Procedure, the Enabling Act controls, and the court must apply the Federal Rules of Civil Procedure so long as the Rule does not abridge, enlarge or modify any substantive right.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 346 (7th Cir. 1997)(*citing to Hanna v. Plumer*, 380 U.S. 460 (1965)).

PAGA creates substantive rights, permitting employees to recover civil penalties where such penalties had previously been recoverable only by the LWDA.  *See* Labor Code § 2699.  The claim may be asserted on behalf of the current or former employee herself  "and other current or former employees."  However, the statute does not specify *how* such a claim may be brought.  That is a matter of procedure, governed by the federal rules.

The right to represent others is a procedural right, not a substantive right.  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Diaz-Ramos v. Hyundai Motor Co.*, 501 F.3d 12, 16 (1st Cir. 2007)("procedural class action provisions neither create substantive rights nor give rise to an independent cause of action); *Blaz v. Belfer*, 368 F.3d 501 (5th Cir. 2004): "The substantive right is the right to sue.  The right to bring a class action, the statute of limitations, treble damages and venue are all matters of procedure that do not implicate the right to sue but how you go about it." *Thorogood v. Sears, Roebuck and Co.*, 2007 WL 3232491, *2 (N.D. Ill. 2007)(*citing Mace***Error! Bookmark not defined.** *v. Van Ru Credit Corp.*, 109 F.3d

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

9.

338, 346 (7th Cir. 1997)).  Accordingly, Rule 23 governs procedurally how Plaintiffs may maintain claims on behalf of other aggrieved employees.

### b. Unless The Claims Are Certified, Plaintiffs Lack Article III Standing To Assert Rights Of Unnamed Current And Former Employees

To interpret PAGA as a blanket shortcut around Rule 23 would not only violate the letter and intent of the Federal Rules of Civil Procedure, it would create an unbounded basis to sue on behalf of others.  Under Article III of the United States Constitution, standing in federal court is limited to those plaintiffs who can allege an injury in fact that is: (1) actual and imminent; and (2) concrete and particularized. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Prudential limitations require that parties assert their own rights rather than rely on the rights or interests of third parties.  Federal courts have traditionally been reluctant to grant third party standing." *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987) (plaintiff's complaint dismissed based upon prudential considerations of third-party standing) (citations omitted).

"'In determining jurisdiction, district courts of the United States must look to the sources of their power, Article III of the United Stated Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures. However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction.'" *See Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983)(*quoting Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981)(rejecting plaintiff's assertion that the district court had jurisdiction because he was suing as a private attorney general on behalf of Hawaii citizens as authorized by state law; while state law was intended to remove barriers to standing to sue, it cannot enlarge subject matter jurisdiction of the federal courts)).  "[T]he Rule 23 class-action device was designed to allow an exception to the usual rule that litigation is conducted

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

10.

1   by and on behalf of the individual named parties." *Califano*, 442 U.S. 682 at 700-01
2   (1979).

3          Without compliance with certification requirements under Rule 23, this
4   Court lacks jurisdiction to adjudicate Plaintiffs' representative claims. *Id.* ("Where
5   the district court has jurisdiction over the claim of each member of the class, Rule 23
6   provides a procedure by which the court may exercise that jurisdiction over the
7   various individual claims in a single proceeding."); *see Sosna v. Iowa*, 419 U.S. 393,
8   399 (1975)(by certifying the class, the unnamed persons described in the certification
9   acquire a legal status); *La Duke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985)(for
10  standing purposes, the court must focus on the *standing* of the class to seek relief).

11         In *Wilson v. Norbreck, LLC*, 2005 WL 3439714, *3 (E.D. Cal.), the
12  Eastern District Court of California considered third party standing in a claim
13  analogous to this one.  In *Wilson,* the plaintiff attempted to use California's Unfair
14  Competition Laws ("UCL"), which at the time authorized claims on behalf of the
15  general public, as a means to sue without complying with Rule 23.[7]  The Court held
16  that prudential limitations on Article III standing prevented a plaintiff from bringing a
17  representative action except in certain well-defined cases such as class actions under
18  Rule 23 and *parens patriae* actions instituted by the States.  The Court found that the
19  UCL did not create an exception to the rule and dismissed plaintiffs' representative
20  claims for want of standing.

21         Like the court in *Wilson*, this Court should find PAGA is no exception to
22  the prudential limitations of Article III and that Plaintiffs lack standing to assert
23  representative claims absent class certification.  *See Celador Int'l LTD v. The Walt*

---

[7] The district court's decisions dealing with uncertified representative UCL claims are
instructive in that the Plaintiffs in this matter contend they are able to proceed on their
uncertified PAGA claims in the same manner that plaintiffs sought to pursue their
uncertified UCL claims on behalf of the general public prior to 2004.  The UCL was
amended in 2004 to require compliance with California class certification procedures.
Prior to 2004, plaintiffs were able to pursue uncertified representative claims on
behalf of the general public.

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021               11.

1   *Disney Co.*¸ 347 F.Supp.2d 846, 858 (C.D. Cal. 2004)(the parties conceded and the

2   Court dismissed plaintiffs' "claim on behalf of the general public" for lack of

3   standing).

### 2.    Allowing Plaintiffs To Proceed On Behalf Of Unnamed Parties Without Compliance With Rule 23 Would Deny Due Process Rights Both To The Defendants And Unnamed Parties.

6   Although the California Supreme Court has yet to be heard in *Arias,* the

7   Court has already clearly identified the danger inherent in permitting a representative

8   action unconstrained by the procedural safeguards inherent in class actions.  Where, as

9   here, a party seeks to represent an *uncertified* class, the defendant is at risk of being

10  bound by a "class-wide" adverse judgment, but only the *named plaintiff* would be so

11  bound if the decision ran against them.  If Defendant prevails, it would still be subject

12  to a potential unending series of PAGA lawsuits by others claiming to be "aggrieved"

13  by the same conduct.

14  In *Fireside Bank v. Superior Court*, 40 Cal. 4th 1069 (2007), the Court

15  considered whether a court could certify a class at the same time it ruled on the merits

16  of the case.  The defendant appealed, arguing that by ruling on the dispositive motion

17  before notice had been given to the class, the court had impermissibly created "one-

18  way intervention," by which only the defendant would be bound by an adverse ruling.

19  *Id.* at 1077.  The Court granted review and reversed the decision of the court of

20  appeal, which had ruled that the trial court had broad discretion to issue merits rulings

21  before ruling on class certification.  *Id.*

22  Significantly for our case, the Court in *Fireside Bank* noted the

23  differences between state and federal procedure with respect to the certification of

24  class actions.

25  > In the federal courts, this problem provisionally was solved
26  > by amending Federal Rules of Civil Procedure Rule 23.  In
    > 1966, the rule was rewritten to end one-way intervention by
27  > requiring that class issues be resolved "[a]s soon as
    > practicable after the commencement of an action brought as
28  > a class action.". . .  Therefore, [parties in a class action] are

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

12.

> either nonparties to the suit and ineligible to participate in a recovery or to be bound by a judgment, or else they are full members who must abide by the final judgment, whether favorable or adverse.

*Fireside Bank* 40 Cal. 4th at 1078-79.

Noting that "the federal system dealt with the problem of one-way intervention by amending its rules of procedure," the Court noted that California courts had developed and applied a judicial rule against "one-way" intervention. *Id.*

Allowing Plaintiffs' claims to proceed without complying with Rule 23 requirements would result in precisely the kind of "one-way intervention" prohibited in *Fireside Bank*, and would deny Defendants due process. A favorable judgment could never serve as res judicata since the unnamed employees would not have been joined to this action. *See Waisbein v. UBS Fin. Services, Inc.*, 2007 U.S. Dist. LEXIS 62723, *6 (for a claim to be barred under res judicata, privity must exist between the parties in both actions). Without res judicata, Defendants would be subject to "one-way intervention" whereby Plaintiffs may successfully recover on behalf of unnamed employees but if Plaintiffs are not successful, the unnamed employees would not be bound by the adverse result. *See Roberts v. Western Airlines*, 425 F.Supp. 416 (N.D. Cal. 1976)(Rule 23 was amended to eliminate the practice where employees could be bound when a judgment was advantageous and to be free when it was unfavorable *citing to* Advisory Committee Note to Fed. R. Civ. R. 23, 39 F.R.D. 98, 106 (1966)); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3rd Cir. 1975)(Rule 23 eliminates the unfairness of one-way intervention as all class members are bound by the res judicata effect of the judgment); *Amati v. City of Woodstock*, 176 F.2d 952, 957 (7th Cir. 1999)(Rule 23(c) prohibits potential class members from waiting on the sidelines to see how the lawsuit turns out and, if a judgment for the class is entered, intervening to take advantage of the judgment); *Home Sav. & Loan Assn. v. Sup. Ct.,* 42 Cal. App. 3d 1006, 1011 (1974)(absent notification, no member of the class need be bound by the result of the litigation).

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

13.

1    The concerns about one-way intervention are specifically acute in a

2  California meal and rest break case.  Numerous federal and state courts have recently

3  held that such cases are improper to litigate as class actions because individual issues

4  predominate.  *See, e.g. Brinker Restaurant Corporation v. Superior Court*

5  *(Hohnbaum)*, 165 Cal. App. 4th 25 (July 22, 2008)(*pet. for rev. pending*); *Moreno v.*

6  *Guerrero Mex. Food Prod., Inc.,* No. CV 05-7737 DSF (PLAx) (C.D. Cal. Oct. 11,

7  2007); *Perez v. Safety-Kleen Sys., Inc.*, No. C05-5338 PJH, 2008 WL 2949268 (N.D.

8  Cal. July 28, 2008); *Kenny v. Supercuts, Inc.*, No. C 06-07521 CRB, 2008 WL

9  2265194 (N.D. Cal. June 2, 2008); *Brown v. Fed. Express Corp., et al.*, No. CV 07-

10  5011 DSF (PJWx), 2008 WL 906517 (C.D. Cal. Feb. 26, 2008); *Blackwell v. Skywest*

11  *Airlines*, 245 F.R.D. 453 (S.D. Cal. 2007); *Kimoto v. McDonalds Corps.,* No. CV 06-

12  3032 PSG (FMOx) (C.D. Cal. Aug. 19, 2008).  Liability in meal and rest periods can

13  be determined only through a person-by-person factual and legal analysis.  The

14  Defendants have a due process right to see the evidence as to each person, and to

15  defend itself by presenting evidence as to each person.  *See Richards v. Jefferson*

16  *County,* 517 U.S. 793, 797 n. 4 (1996) ("The opportunity to be heard is an essential

17  requisite of due process of law in judicial proceedings").

18    These due process concerns have been noted by other courts dealing with

19  other types of uncertified "representative" claims.  *See Nachum v. Allstate Ins. Co.*,

20  1997 U.S. Dist. LEXIS 12670, at *13 (C.D. Cal.)(allowing plaintiffs to proceed on

21  behalf of unnamed parties under the UCL would be inefficient, raise due process

22  concerns, and essentially require litigation of each individual claim of unidentified

23  parties); *see also, Marshall v. Std. Ins. Co.*, 214 F.Supp.2d 1062, 1071 (C.D. Cal.

24  2000)(representative action is not preferable since maintenance as a class action best

25  assures interests of unnamed individuals are adequately represented); *Bronco Wine*

26  *Co. v. Frank A. Logoluso Farms,* 214 Cal. App. 3d 699, 717 (1989) (recognizing

27  "serious fundamental due process considerations" in rendering a judgment for or

28  against a nonparty to a lawsuit where the nonparty has not been given notice of the

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

14.

1  proceedings or an opportunity to be heard) (*citing Lambert v. California*, 355 U.S.

2  225, 228 (1957)); *Rosenbluth International, Inc. v. Superior Court*, 101 Cal. App.4th

3  1073, 1079 (2002)("a representative action to which the alleged victims are not parties

4  (raises serious fundamental due process considerations,").

5        If Defendants prevail on the claims, each and every unsuccessful

6  unnamed plaintiff would still be free to pursue his or her claims against Defendants

7  despite the fact that the uncertified representative claims were previously adjudicated

8  in favor of Defendants.  Accordingly, Defendants would be denied due process if the

9  merits of Plaintiffs' PAGA claims are decided prior to compliance with Rule 23.  Fed.

10 R. Civ. Proc. 23(c)(3), Advisory Committee Notes (under subdivision (c)(3), one-way

11 intervention is excluded); *Fireside*, 40 Cal. 4th at 1083 (to prevent one-way

12 intervention, courts must ensure affected parties are bound before merits are decided).

13       Similarly, unnamed plaintiffs' due process rights would also be denied

14 absent class certification.  *See Hansberry v. Lee,* 311 U.S. 321 42-43 (1940) (under

15 the Constitution, judgment rendered in a class suit is res judicata as to members who

16 are not formal parties in appropriate case.  The Fourteenth amendment does not

17 require states adopt rules adopted by the federal court but there is a failure of due

18 process where the procedure adopted does not fairly insure protection of interests of

19 the absent parties who are bound by it).  The certification procedure of Rule 23 insures

20 the protection of the interests of the absent plaintiffs by requiring a Court to

21 affirmatively determine that the named Plaintiffs are adequate representatives, by

22 requiring notice of the action be provided to the absent plaintiffs, and an opportunity

23 either to opt-in or opt-out of the action, among other things.  Disposing of Rule 23

24 certification requirements is a denial of due process to the absent parties in its entirety

25 as there is no procedure in place, much less an adequate procedure that fairly insures

26 the protection of the interests of absent parties.[8]

27

28

---

[8] The conduct of plaintiffs and their counsel raises serious questions as to their
adequacy or appropriateness as representatives of the unnamed parties.  *See Jones v*

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:86569344.3 052266.1021                    15.

**D.    Even If The Court Applies State Law, The Court Should Not Allow *This* Action To Proceed As A Representative Action**

**1.    PAGA Is Not Intended To Create A Right To A Class Action Immune From The Requirements Of Class Certification**

Even if the Court were to determine that allowing this case to proceed as a representative action did not violate federal principles, there is no "automatic right" to class treatment under PAGA.  Because this issue has not yet been resolved by the California Supreme Court, this Court must apply the law as it believes that court would do under the circumstances.  *Wyler Summit Partnership v. Turner Broadcasting System,* 135 F.3d 658, 663 (9th Cir. 1998).

PAGA was adopted to allow aggrieved employees to act as private attorneys general to seek civil penalties for Labor Code violations that previously could only be assessed by state agencies.  *Dunlap v. Sup. Ct. (Bank of America)*, 142 Cal. App. 4th 330, 336 (2006).   The Act permits an "aggrieved employee" to assert claims for civil penalties on behalf "of himself or herself and other current or former employees."  Lab. Code § 2699(a).

The Legislature did not, however, intend for PAGA claims on behalf of

*Hartford Ins. Co*., 243 F.R.D. 694 (N.D. Fla. 2006) (granting defendants motion to strike class allegations because plaintiff failed to file timely motion for certification in accordance with local rules and noting that failure to comply with filing requirement reflected inadequacy as class representative).  In addition, there is a serious conflict between the interests of the named plaintiffs and their counsel (who are apparently attempting to avoid the consequences of failing to certify a class under Rule 23 by seeking the more limited remedies available under PAGA) and unnamed parties who believe their rights were violated and might choose to seek the broader remedies that are available in an administrative or civil action that is not limited to PAGA.  A plaintiff cannot, consistent with the Constitution, represent another when their interests conflict.  *Hansberry v. Lee*, 311 U.S. 32, 44 (1940) ("Because of the dual and potentially conflicting interests of those who are putative parties to the agreement in compelling or resisting its performance, it is impossible to say, solely because they are parties to it, that any two of them are of the same class.  Nor without more, and with the due regard for the protection of the rights of absent parties which due process exacts, can some be permitted to stand in judgment for all").

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

16.

other former and current employees to be immune from the requirements of class certification.  While the express language of PAGA is silent as to how an aggrieved employee sues on behalf of other harmed employees, the Legislative history of SB 796, which became PAGA, refutes the notion that the Act countenanced an uncertified "representative" action.  Proponents of SB 796 assured those opposed to the bill that it was drafted to avoid typical abuses of private attorneys general actions (such as representative actions of the UCL).  *See,* Senate Judiciary Committee report of SB 796 (April 29, 2003) at 6-7, Declaration of J. Kevin Lilly, ¶ 5, Ex. B.  To address these concerns, sponsors of the bill explained that the action would only be permitted on behalf of those *actually harmed*:

> A private action under this bill would be brought by the employee "on behalf of himself or herself or others" – that is, fellow employees *also harmed by the alleged violation* – instead of "on behalf of the general public," as private suits are brought under the UCL.
>
> This would dispense with the issue of res judicata ("finality of the judgment") that is the subject of some criticism of private UCL actions.  An action on behalf of other aggrieved employees would be final as to those plaintiffs, and an employer would not have to be concerned with some future suits on the same issues by someone else "on behalf of the general public."

*Id.* at 7-8 (*emphasis added*)

To allay opponents' concerns with the res judicata effect of private attorney general actions, the bill's author amended the bill to address only situations where the actual identities of "aggrieved parties" became known during an action: the Act was amended to read: "in a civil action filed on behalf of himself or herself or ~~others~~ other current or former employees for whom evidence of a violation was developed during the trial or at settlement of the action."  *Id.* at 9.  The bill's author

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:86569344.3 052266.1021

17.

again amended the language to clarify the intent of the bill to read, as codified, "in a

civil action on behalf of himself or herself and other current or former employees

~~whom evidence of a violation was developed during the trial or at settlement of the~~

~~action~~ against whom one or more of the alleged violations was committed." *See,*

Assembly Committee on Judiciary (June 26, 2003), at 9, Declaration of J. Kevin Lilly,

¶ 6, Ex. C.  By limiting the right to sue only on behalf of those "aggrieved"

employees, the sponsors of the bill affirmed that "because there is no provision in the

bill allowing for private prosecution on behalf of the general public, there is no issue

regarding the lack of finality of judgments against employers, as there has been with

respect to private UCL actions."  Assembly Committee on Judiciary at 6.

It would be contrary to this Legislative intent to read PAGA as broadly

permitting a plaintiff to proceed to trial on behalf of an uncertified class of persons.

The Act clearly contemplates that the Courts will apply the rules of due process (in

this court Rule 23) to ensure that any decision on the merits will provide fairness and

due process, and to prevent "one-way intervention."  Without certification, there

would be no basis to determine which parties were ones "against whom .. the

violations were committed" until the end of the case.  This is the precise result that led

PAGA's author to amend the act three times.

2. **The Court Should Exercise its Discretion and Hold That Plaintiffs' PAGA Claims Are Not Suitable for Representative Treatment**

As noted above, PAGA penalties are only awarded where individuals

prove that they were actually harmed.  Thus, even assuming that the Court were to

conclude that a PAGA "representative" claim would be possible absent class

certification, the Court should not permit this action to proceed because it would be

unmanageable.  *See Marshal v. Std. Ins. Co.,*  214 F.Supp.2d 1062 1074 (C.D. Cal.

2000)(dismissing plaintiff's representative claims seeking restitution but allowing

plaintiff to maintain representative action seeking injunctive relief).  Under state law,

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021                    18.

the Court has discretion to decline to allow this action to proceed as a representative action. *Kraus v. Trinity Management Serv.,* 23 Cal. 4th 116, 138 (2000); *Bronco Wine Co. v. Frank A. Logoluso Farms,* 214 Cal. App. 3d 699, 721 (1989).

In *Marshall,* the federal court addressed issues analogous to the issues in this case.[9]  The issue before the court was whether plaintiff should be allowed to proceed on his uncertified representative claims on behalf of the general public under California's UCL.  *Marshall,* 214 F.Supp.2d at 1067.  In refusing to permit the plaintiff to proceed in a representative capacity, the *Marshall* Court applied the factors set forth in *Bronco Wine Co. v. Frank A. Logoluso Farms*, *supra:*

> (1)  Whether determination of the unfair business practice at issue requires resolution of complex factual issues;
>
> (2)   Whether determining the amount of restitution would require something other than a straightforward calculation;
>
> (3)  Whether the amount of restitution that might be awarded to non-parties is nominal;
>
> (4)  Whether the amount of restitution to which each non-party would be entitled is identical; and
>
> (5)   Whether entering judgment for or against non-parties would pose insurmountable control and management problems.
>
> *Id.* at 1069.

Applying these factors, the *Marshall* court found that proof of the alleged unfair business practices – improper processing and termination of disability benefit claims – would require examination of hundreds, if not thousands of claims files.  *Id.* at 1070.  It would have also required evaluation of numerous factors as to why benefits were terminated and individualized calculation of the amount of restitution –

---

[9] It appears the parties did not raise nor did the court undergo an *Erie* doctrine analysis.  Instead, the court discussed the type of claims available under California Business and Professions Code § 17200 *et seq.*

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:86569344.3 052266.1021                    19.

1  which was not a simple mathematical calculation.  *Id.*  Claims would need to be re-

2  examined to determine whether, based upon the court's interpretation of terminology

3  set forth in the policy, claimants were entitled to benefits beyond 24 months.  If a

4  claimant was entitled to benefits beyond 24 months, questions would arise as to the

5  period of time for which benefits were due.  This process would not only be

6  complicated but different for each insured.  *Id.* at 1070-71.

7          Moreover, the amount of restitution would not be nominal as it would

8  involve claims for months if not years of disability benefits.  The court further noted

9  that substantial rights of individuals who were not parties to the action and not subject

10  to the court's jurisdiction would be affected.  *Id.* at 1071.  Based upon its analysis of

11  these factors, the *Marshall* court ultimately determined that the action should not

12  proceed as a representative action.  It found that maintenance of the suit as a class

13  action was a superior method as it would best assure that the interests of the

14  potentially affected potential class members are adequately represented.  *Id.*

15          The court in *Barnett v. Wash. Mut. Bank*, 2004 U.S. Dist. LEXIS 18491

16  (N.D. Cal.), reached a similar conclusion.  There, the plaintiff attempted to sue for

17  unpaid overtime in a misclassification case and asserted that class action requirements

18  were not mandated under California's UCL.  The *Barnett* court also applied the

19  *Bronco* factors and struck plaintiffs' UCL claims to the extent they sought to proceed

20  as a representative action.  While the court assumed that plaintiffs generally could

21  proceed with such claims in a representative action, it found that such an action was

22  not appropriate under the *Bronco* factors "given the large amount of restitution per

23  loan officer sought by plaintiffs and the nature of plaintiffs' allegations, namely, that

24  the actual numbers of hours worked by each loan officer were not recorded and would

25  vary by individual."  *Id.* at *13.

26          Similar to *Marshall*, proof that each former and current employee is

27  entitled to civil penalties requires a complicated evaluation and would be different for

28  each individual employee.  The court would need to evaluate each employees'

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021

20.

1   underlying Labor Code violation claims, such as whether or not there a meal period or

2   rest period was provided, whether Defendants failed to pay regular wages, and

3   whether individuals are entitled to waiting time penalties, among other issues.

4        This is especially true where California employers are merely required to

5   "provide" meal periods and rest periods as opposed to "ensure" meal periods and rest

6   periods are taken.  *See White v. Starbucks Corp.*, 497 F.Supp.2d 1080, 1086 (N.D.

7   Cal. 2007)(employers are only required to make rest periods available under the Labor

8   Code); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 585 (C.D. Cal.

9   2008)(employer must provide meal breaks, but need not require that they be taken).

10  To determine whether Defendants' provided employees with meal or rest periods

11  requires an individual investigation varying by employee and location.  *See Brown,*

12  249 F.R.D. at 586 (Plaintiffs could only prevail if they demonstrate that FedEx's

13  policies deprived them of meal and rest breaks since FedEx was only required to make

14  them available.  Any such showing requires substantial individualized fact finding);

15  *Blackwell v. Skywest Airlines*, 245 F.R.D. 453,467 (S.D. Cal. 2007) (individual

16  questions rather than common issues predominate plaintiffs' class claims for missed

17  meal periods); *Brinker*, 165 Cal. App. 4th at 31  (because rest and meal breaks need

18  only be "made available" and not "ensured," individual issues predominate).[10]

19       After evaluating evidence as to whether the underlying alleged Labor

20  Code violation occurred, the Court would then need to determine whether the

21  violation gives rise to a PAGA penalty, since not all violations give rise to penalties

22  recoverable under PAGA.  *See Dunlap v. Sup. Ct.*, 142 Cal. App. 4th 330, 339 (2006).

23  After determining which employees could prove violations and which penalties

24  applied, the Court would then need to determine for which time period or pay period

25  each employee would be entitled to a penalty.  Indeed, this assessment varies

26  employee by employee and location by location.  Most importantly, like the plaintiff

27  

28  

[10] Like these matters, Defendants are able to present evidence to show individual issues predominate.

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:86569344.3 052266.1021                    21.

1   in *Marshall*, allowing Plaintiffs to pursue their uncertified representative claims would

2   implicate substantial rights of individuals who are not parties to this action.  As

3   discussed above, the court lacks jurisdiction over these individuals.  For these reasons,

4   this Court should dismiss Plaintiffs' uncertified representative claims like the court

5   did in *Marshall.*

6         As in *Marshall, Barnett,* and *Bronco*, this Court should decline to permit

7   plaintiff to pursue uncertified representative claims.  The determination of whether

8   each aggrieved employee was provided meal and rest breaks on each shift requires

9   resolution of complex factual issues.  The determination of whether any civil penalties

10  should be awarded is not subject to a straightforward calculation but will require

11  individual inquiry as to the pay period at issue and the type(s) of penalties at issue.

12  Indeed, the potential combination of penalties an employee may be entitled to are

13  numerous and will vary by employee.  Because of the individual inquiry required, the

14  potential penalty awarded to each non-party varies and will not be identical.  Lastly,

15  entering judgment for or against non-parties would pose grave management problems

16  as there would be no res judicata effect without certification of such claims.  Thus,

17  this Court should exercise its discretion and find the uncertified representative claims

18  presented by Plaintiff are not appropriate for non-class treatment.

19  **IV.**

20  **CONCLUSION**

21        For the foregoing reasons, this Court should dismiss Plaintiffs' class

22  allegations and representative allegations with prejudice.

23

24  Dated:   September 12, 2008        /s/ - J. KEVIN LILLY

25        J. KEVIN LILLY
          LITTLER MENDELSON

26        A Professional Corporation
          Attorneys for Defendants

27        LUXOTTICA U.S. HOLDINGS CORP.
          and COLE VISION CORPORATION

28

LITTLER MENDELSON
A PROFESSIONAL
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:86569344.3 052266.1021                    22.

I.    SUMMARY OF ARGUMENT...................................................................1

II.   STATEMENT OF FACTS ....................................................................3

      A.    Plaintiffs Abandoned Their Class Claims After Missing The
            Deadline to File A Motion For Class Certification ...........................3

      B.    Plaintiffs' Allegations Under PAGA ..............................................4

III.  ARGUMENT.......................................................................................5

      A.    Plaintiffs' Class Action Allegations May Be Challenged In A
            Motion For Judgment On The Pleadings........................................5

      B.    Plaintiffs' Class Claims Should Be Dismissed With Prejudice........7

      C.    Plaintiffs' Failure to Seek Certification Pursuant to Rule 23
            Coupled With Federal Principles Preclude Plaintiffs From
            Pursuing Their Representative Claims Under California's Private
            Attorney General Act .................................................................8

            1.    Rule 23 Governs Plaintiffs' Procedural Right To Proceed On
                  Behalf of Unnamed Plaintiffs...............................................8

                  a.    Pursuing Claims On Behalf Of Unnamed Parties Is A
                        Procedural Right Governed By Rule 23 .........................9

                  b.    Unless The Claims Are Certified, Plaintiffs Lack
                        Article III Standing To Assert Rights Of Unnamed
                        Current And Former Employees ....................................10

            2.    Allowing Plaintiffs To Proceed On Behalf Of Unnamed
                  Parties Without Compliance With Rule 23 Would Deny Due
                  Process Rights Both To The Defendants And Unnamed
                  Parties. ...........................................................................12

      D.    Even If The Court Applies State Law, The Court Should Not
            Allow This Action To Proceed As A Representative Action................16

            1.    PAGA Is Not Intended To Create A Right To A Class
                  Action Immune From The Requirements Of Class
                  Certification ....................................................................16

            2.    The Court Should Exercise its Discretion and Hold That
                  Plaintiffs' PAGA Claims Are Not Suitable for
                  Representative Treatment...................................................18

IV.   CONCLUSION....................................................................................22

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

i

# TABLE OF AUTHORITIES

PAGE

## CASES

*Amati v. City of Woodstock*,
176 F.2d 952 (7th Cir. 1999).................................................................13

*Arias v. Sup. Ct*,
153 Cal. App. 4th 777 (July 24, 2007), *pet. rev. granted*,
67 Cal. Rptr. 3d 460 (Oct. 10, 2007) ...........................................1, 12

*Barnett v. Wash. Mut. Bank*,
2004 U.S. Dist. LEXIS 18491 (N.D. Cal.) ..............................20, 22

*Blackwell v. Skywest Airlines*,
245 F.R.D. 453 (S.D. Cal. 2007) ...............................................14, 21

*Blaz v. Belfer*,
368 F.3d 501 (5th Cir. 2004).......................................................9

*Brinker Restaurant Corporation v. Superior Court (Hohnbaum)*,
165 Cal. App. 4th 25 (July 22, 2008)(*pet. for rev. pending*) ................4, 14

*Bronco Wine Co. v. Frank A. Logoluso Farms*,
214 Cal. App. 3d 699 (1989)....................................................14, 19

*Brown v. Fed. Express Corp., et al.*,
No. CV 07-5011 DSF (PJWx), 2008 WL 906517 (C.D. Cal. Feb. 26, 2008)..............................................14, 21

*Burkhalter v. Montgomery Ward & Co.*,
676 F.2d 291 (8th Cir. 1982).....................................................7

*Caliber Bodyworks v. Sup. Ct. (Herrera)*,
134 Cal. App. 4th 365 (2005).....................................................4

*Caliber Bodyworks, Inc. v. Sup. Ct. (Herrera)*,
134 Cal.App.4th 365 (2005).......................................................5

*Califano v. Yamasaki*,
442 U.S. 682 (1979)............................................................8, 11

*Celador Int'l LTD v. The Walt Disney Co.*,
347 F.Supp.2d 846 (C.D. Cal. 2004) .............................................12

*Coffin v. Sec'y of Health, Educ. & Welfare*,
400 F. Supp. 953, (D.D.C. 1975).................................................7

*Duchek v. Jacobi*,
646 F.2d 415 (9th Cir. 1981)....................................................10

*Dunlap v. Sup. Ct. (Bank of America)*,
142 Cal. App. 4th 330 (2006)...............................................16, 21

*Erie Railroad Co. v. Tompkins*,
304 U.S. 64 (1938)..............................................................9

*Fiedler v. Clark*,
714 F.2d 77 (9th Cir. 1983).....................................................10

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ii.

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*Fireside Bank v. Superior Court,*
40 Cal. 4th 1069 (2007) ............................................................2, 12, 13

*General Telephone Co. of the Southwest v. Falcon,*
457 U.S. 147 (1982) ................................................................................8

*Gutierrez v. RWD Techs., Inc.,*
279 F.Supp.2d 1223 (E.D. Ca. 2003) ....................................................6

*Hanna v. Plumer,*
380 U.S. 460 (1965) ................................................................................9

*Hansberry v. Lee,*
311 U.S. 32 (1940) .....................................................................9, 15, 16

*Home Sav. & Loan Assn. v. Sup. Ct.,*
42 Cal. App. 3d 1006 (1974) ...............................................................13

*Hong Kong Supermarket v. Kizer,*
830 F.2d 1078 (9th Cir. 1987) .............................................................10

*Jones v Hartford Ins. Co.,*
243 F.R.D. 694 (N.D. Fla. 2006) .........................................................16

*Kenny v. Supercuts, Inc.,*
No. C 06-07521 CRB, 2008 WL 2265194 (N.D. Cal. June 2, 2008) .............14

*Kimoto v. McDonalds Corps.,*
No. CV 06-3032 PSG (FMOx) (C.D. Cal. Aug. 19, 2008) ......................7, 14

*Kraus v. Trinity Management Serv.,*
23 Cal. 4th 116 (2000) .........................................................................19

*La Duke v. Nelson,*
762 F.2d 1318 (9th Cir. 1985) .............................................................11

*Lambert v. California,*
355 U.S. 225 (1957) ..............................................................................15

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) ..............................................................................10

*Mace v. Van Ru Credit Corp.,*
109 F.3d 338 (7th Cir. 1997) .............................................................9, 10

*Marshal v. Std. Ins. Co.,*
214 F.Supp.2d 1062 (C.D. Cal. 2000) ...........................................18, 19, 22

*Marshall v. Std. Ins. Co.,*
214 F.Supp.2d 1062 (C.D. Cal. 2000) .....................................14, 19, 20, 22

*MGIC Indem. Corp. v. Weisman*
803 F.2d 500 (9th Cir. 1986) ................................................................6

*Moreno v. Guerrero Mex. Food Prod., Inc.,*
No. CV 05-7737 DSF (PLAx) (C.D. Cal. Oct. 11, 2007) .......................14

*Nachum v. Allstate Ins. Co.,* 1997
U.S. Dist. LEXIS 12670, at *13 (C.D. Cal.) ....................................14

1
2

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

3
*Perez v. Safety-Kleen Sys., Inc.,*
    No. C05-5338 PJH, 2008 WL 2949268 (N.D. Cal. July 28, 2008) ................14
4
*Reichman v. Bureau of Affirmative Action,*
    536 F. Supp. 1149 (M.D. Pa. 1982)................................................................7
5
*Richards v. Jefferson County,*
    517 U.S. 793 (1996)........................................................................................14
6
*Roberts v. Western Airlines,*
    425 F.Supp. 416 (N.D. Cal. 1976)................................................................13
7
*Rosenbluth International, Inc. v. Superior Court,*
    101 Cal. App.4th 1073 (2002)........................................................................15
8
*Sosna v. Iowa,*
    419 U.S. 393 (1975)........................................................................................11
9
*Thorogood v. Sears, Roebuck and Co.,*
    2007 WL 3232491, *2 (N.D. Ill. 2007) ..........................................................9
10
*United States Parole Comm'n v. Geraghty,*
    445 U.S. 388 (1980)..........................................................................................9
11
*Waisbein v. UBS Fin. Services, Inc.,*
    2007 U.S. Dist. LEXIS 62723, *6 ................................................................13
12
*Wetzel v. Liberty Mutual Ins. Co.,*
    508 F.2d 239 (3rd Cir. 1975)........................................................................13
13
*White v. Starbucks Corp.,*
    497 F.Supp.2d 1080 (N.D. Cal. 2007)..........................................................21
14
*Wilson v. Norbreck, LLC,*
    2005 WL 3439714, *3 (E.D. Cal.) ................................................................11
15
*Wyler Summit Partnership v. Turner Broadcasting System,*
    135 F.3d 658 (9th Cir. 1998)..........................................................................16
16
*Young v. Car Rental Claims, Inc.,*
    255 F.Supp.2d 1149 (D. Haw. 2003)..............................................................6

### STATUTES
California Labor Code
    § 226.7..............................................................................................................3
    § 2699.....................................................................................................1, 5, 9
    § 2699(a)..........................................................................................................16
California Business and Professions Code
    § 17200............................................................................................................19
Federal Rules of Civil Procedure
    §23..............................................................................................................8, 9
    §23(c)(3)............................................................................................................8

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

## OTHER AUTHORITIES

2 James Moore, et al,
  Moore's Federal Practice
  § 12.38 (3d ed. 2002) ......................................................................6

Advisory Committee Note to Fed. R. Civ. R. 23,
  39 F.R.D. 98, 106 (1966) ...............................................................13

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

v.