LAW OFFICES OF DIRK BRUINSMA
Dirk Bruinsma  Esq. (State Bar No. 102625)
635 Camino De Los Mares, Suite 304
San Clemente, CA 92673
Telephone No: (949) 443-9030
Facsimile No: (949) 443-9035
Dirk@bruinsmalaw.com

LAW OFFICES OF JEFFREY P. SPENCER
Jeffrey Spencer , Esq., (State Bar No. 182440)
1211 Puerta Del Sol, Suite 150
San Clemente, CA  92673
Telephone No: (949) 240-8595
Facsimile No:  (949) 240-8515
jps@spencerlaw.net

LAKESHORE LAW CENTER
Jeffrey Wilens, Esq. (State Bar No. 120371)
17476 Yorba Linda Blvd., Suite 221
Yorba Linda, CA 92886
714-854-7205
714-854-7206 (fax)
jeff@lakeshorelaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT,

# CENTRAL DISTRICT OF CALIFORNIA,

# SOUTHERN DIVISION

| | |
|---|---|
| ANONA ADAMS and MARY RAPHAEL, et. al., | ) Case No.  SACV-07-1465 AHS (MLGx)<br>) Complaint filed August 15, 2007<br>)<br>) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **PLAINTIFFS' OPPOSITION TO** |
| | ) **DEFENDANTS' MOTION TO** |
| LUXOTTICA U.S. HOLDINGS | ) **DISMISS CLASS AND** |
| CORP., et. al. | ) **REPRESENTATIVE ALLEGATIONS** |
| | ) **OF THE SECOND AMENDED** |
| | ) **COMPLAINT, POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT** |
| | ) **THEREOF** |

1

|  | ) Hearing Date:  January 12, 2009, 10:00 a.m. |
|---|---|
|  | ) Department 10A |
| Defendants. | ) Honorable Alicemarie H. Stotler |

TO EACH PARTY AND THEIR ATTORNEY OF RECORD:

Plaintiffs respectfully submits these points and authorities and argument in opposition to defendants Luxottica U. S. Holdings Corp. and Cole Vision Corporation dba Target Optical and Sears Optical's motion to dismiss class and representative allegations.

DATED: December 26, 2008

Respectfully submitted,

By        _____/s/_____

JEFFREY WILENS
Attorney for Plaintiffs

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................i

TABLE OF AUTHORITIES .....................................................................ii

POINTS AND AUTHORITIES ................................................................ 1

ARGUMENT............................................................................................ 1

I.     THE     MOTION     TO     DISMISS     THE     CLASS     AND
         REPRESENTATIVE  CLAIMS  ON  THE  NINTH  CAUSE  OF
         ACTION  SHOULD  BE  DENIED  BECAUSE  PLAINTIFFS  HAVE
         PLED  A  VALID  CAUSE  OF  ACTION  FOR  RECOVERY  OF  CIVIL
         PENALTIES  ON  BEHALF  OF  THEMSELVES  AND  OTHER
         AGGRIEVED EMPLOYEES.................................................................... 1

       A.    PAGA  DEPUTIZES  AN  AGGRIEVED  EMPLOYEE  TO
              RECOVER  CIVIL  PENALTIES  ON  BEHALF  OF  OTHER
              AGGRIEVED   EMPLOYEES   WITHOUT   COMPLYING
              WITH     THE     REQUIREMENTS     FOR     CLASS
              CERTIFICATION. ............................................................................3

       B.    RULE 23 HAS NO BEARING ON PLAINTIFFS' RIGHT TO
              BRING  A  PAGA  CLAIM  ON  BEHALF  OF  OTHER
              AGGRIEVED  EMPLOYEES  BECAUSE  RULE  23  ONLY
              GOVERNS  CLASS  ACTIONS  NOT  ALL  TYPES  OF
              REPRESENTATIVE ACTIONS.........................................................8

       C.    PLAINTIFFS  HAVE  ARTICLE  III  STANDING  BECAUSE
              THEY  SUFFERED  INJURY  IN  FACT;  THERE  IS  NO

i

REQUIREMENT THAT THE OTHER AGGRIEVED EMPLOYEES HAVE STANDING BUT EVEN IF THAT WERE REQUIRED, THE OTHER AGGRIEVED EMPLOYEES DO AS WELL. ............................................................9

D.    SINCE A PAGA CLAIM IS A CLAIM AT LAW NOT IN EQUITY, THE COURT HAS NO DISCRETION TO DECIDE NOT TO PERMIT THE LEGAL CLAIM TO BE BROUGHT. .......11

E.    ALLOWING PLAINTIFFS TO SEEK CIVIL PENALTIES ON BEHALF OF OTHER AGGRIEVED EMPLOYEES DOES NOT VIOLATE ANYONE'S RIGHT TO DUE PROCESS. ...........................................................................12

CONCLUSION.........................................................................................16

## TABLE OF AUTHORITIES

### Cases

Arias v. Superior Court (2007) 63 Cal.Rptr.3d 272 ........................................5, 7, 13

Doran v. 7-Eleven, Inc. (9th Cir. 2008) 524 F.3d 1034 ...........................................11

Dunlap v. Superior Court (2006) 142 Cal.App.4th 330 ..............................................5

Fireside Bank v. Superior Court (2007) 40 Cal.4th 1069.........................................15

Kraus v. Trinity Management Services, Inc. (2000) 23 Cal.4th 116 .............9, 11, 14

Lujan v. Defenders of Wildlife (1992) 504 U.S. 555................................................10

Marshall v. Standard Ins. Co. (C.D.Cal. 2000) 214 F.Supp.2d 1062......................12

O'Connor v. Boeing North American, Inc. (C.D.Cal. 2000) 197 F.R.D. 404 ..... 9, 11

Prata v. Superior Court (2001) 91 Cal.App.4th 1128 ............................................... 14

Rosenbluth International, Inc. v. Superior Court (2002) 101 Cal.App.4th 1073 ..... 15

Sinolinding v. United Staffing Solutions, Inc. (2008) 2008 WL 134904 .......... 7, 14

Wilson v. Norbreck, LLC (E.D.Cal 2005) 2005 WL 3439714 ................................ 10

## Statutes

Code of Civil Procedure § 382 ............................................................................... 3

Labor Code § 203 .................................................................................................... 1

Labor Code § 226 .................................................................................................... 1

Labor Code § 2699 ............................................................................................. 3, 13

## POINTS AND AUTHORITIES

## ARGUMENT

I.  **THE MOTION TO DISMISS THE CLASS AND REPRESENTATIVE CLAIMS ON THE NINTH CAUSE OF ACTION SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE PLED A VALID CAUSE OF ACTION FOR RECOVERY OF CIVIL PENALTIES ON BEHALF OF THEMSELVES AND OTHER AGGRIEVED EMPLOYEES.**

This lawsuit was filed as a class action on behalf of plaintiffs and other employees of defendants.  The causes of action included:

- First cause of action for failure to pay overtime wages

- Second cause  of action for violation of the Unfair Practices Act

- Third cause of action for conversion

- Fourth cause of action for failure to pay meal period compensation

- Fifth cause of action for failure to pay rest period compensation

- Sixth cause of action for violation of the Unfair Competition Law

- Seventh cause of action for violation of Labor Code § 203 in failing to provide final paychecks in timely and complete fashion

- Eighth cause of action of violation of Labor Code § 226 in failing to provide itemized wage statements

All of the above claims were brought on behalf of the plaintiffs and the putative class.  In addition, the ninth cause of action seeks civil penalties under California Labor Code  §§ 2698-2699, the Labor Code Private Attorney General

Act of 2004 (PAGA) on behalf of all aggrieved employees.  This is <u>not</u> a class claim.

Defendants now move to dismiss the class allegations as to all claims and the representative claims as to PAGA.

Regarding the class claims on the first eight causes of action, plaintiffs do not oppose dismissal of those class allegations.  However, the class claims on the ninth cause of action under PAGA should remain in place—although it would be unreasonable to require plaintiffs to bring a class certification motion at this time. The mere existence of the class allegations on the PAGA claim does not prejudice defendants.  As explained in defendants' moving papers and in greater detail below, there is still some uncertainty whether class certification is required to obtain PAGA relief on behalf of other employees and there is a remote possibility the California Supreme Court could require certification.  The allegations should remain in the complaint so plaintiffs can move for class certification if the California Supreme Court rules that representative PAGA actions must be brought as a class action.  At the same time, the Court should exercise its discretion to defer prosecution of a class certification motion indefinitely with respect to the PAGA claims only.

Even if this Court permits the PAGA claims on behalf of other employees to go forward without class certification, as it should, the class allegations should still

remain, albeit dormant, just in case there is a change of law in the future before this case is resolved.

The balance of this opposition will address and reject defendants' argument that class certification is required in order to recover civil penalties on behalf of other employees under PAGA.

**A.     PAGA DEPUTIZES AN AGGRIEVED EMPLOYEE TO RECOVER CIVIL PENALTIES ON BEHALF OF OTHER AGGRIEVED EMPLOYEES WITHOUT COMPLYING WITH THE REQUIREMENTS FOR CLASS CERTIFICATION.**

Firstly, defendants argue that PAGA itself requires plaintiffs seeking to recover civil penalties under PAGA on behalf of other aggrieved employees to go through the class certification process.   The express language of PAGA says otherwise.

Labor Code § 2699 provides:

> (a) **Notwithstanding any other provision of law**, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a **civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3**. (emphasis added)

This provision is very clear.   "Notwithstanding any other provision of law"

includes California Code of Civil Procedure § 382 which specifies the basis for class actions. Therefore, regardless of whatever requirements § 382 might impose for class actions, § 2699 allows a representative action to be brought on behalf of other aggrieved employees as long as the procedures specified in Labor Code § 2699.3 are followed.

Defendants suggest this "notwithstanding" provision must also mean all other provisions of law, including statutes of limitations, but that is ridiculous. The "notwithstanding" clause supersedes all other laws <u>that would impede the plaintiff's ability to recover civil penalties "on behalf of other employees."</u> Statutes of limitations, discovery rules etc. have nothing to do with that right to bring a representative action, so they would not be superseded.

Thus, Labor Code § 2699.3 basically requires an aggrieved employee seeking to bring a civil action to recover civil penalties on behalf of other aggrieved employees to give advanced notice of the violations to the Labor and Workforce Development Agency and the employer and then wait to receive permission to commence (or add the PAGA claim to) a civil action.

Defendants also point to sloppy draftsmanship in Section 2699, subdivision (g), which also creates a right to recover civil penalties on behalf of aggrieved employees. It is not clear why both subdivision (a) and (g) are present or necessary since they accomplish the same thing. In any event, where one provision

is adequate to allow a representative action to go forward, the Court need not consider the other provision.  The overall thrust of PAGA is to deputize private citizens to act as the Labor Commission and enforce civil penalties, which does not require class certification.

The few California appellate court opinions discussing PAGA provide no support for defendants' extraordinary contention that an employee seeking civil penalties on behalf of other aggrieved employees must comply with class certification requirements.  .

In Dunlap v. Superior Court (2006) 142 Cal.App.4th 330, 337, the court explained that PAGA "empowers or deputizes an aggrieved employee to sue for civil penalties on behalf of himself or herself and other current or former employees."  The court pointed out that PAGA was intended to "augment the enforcement abilities of the Labor Commissioner by creating an alternative 'private attorney general' system for labor law enforcement."  (Id.)  Just as the Labor Commissioner does not need to bring a class action to recover civil penalties on behalf of aggrieved employees, a "deputized" employee does not need to bring one either in order to recover penalties on behalf of other aggrieved employees.

A more significant case defendants reference but want this Court to ignore is Arias v. Superior Court (2007) 63 Cal.Rptr.3d 272, 278-279 (petition for review granted).  The Arias court presented a compelling explanation why class

certification is not required to obtain civil penalties on behalf of other aggrieved

employees.

> In the uncodified portion of the act, the Legislature declared its reason for empowering aggrieved employees to act as private attorneys general: Adequate financing of essential labor law enforcement functions is necessary to achieve maximum compliance with state labor laws in the underground economy and to ensure an effective disincentive for employers to engage in unlawful and anticompetitive business practices.... Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade.... It is therefore in the public interest to provide that civil penalties for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general...." (Stats.2003, ch. 906, § 1.) **Thus, the nature of an aggrieved employee's action under the PAGA is one of enforcement of the labor law.**
>
> **Both the language of the PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action**. Labor Code section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law...." The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees ... [,]" is similar to the former wording of Business and Professions Code section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public." Non-class representative actions were authorized under former Business and Professions Code section 17204. (See Kraus v. Trinity Management Services, Inc., supra, 23 Cal.4th 116, 96 Cal.Rptr.2d 485, 999 P.2d 718.) Unlike the current version of Business and Professions Code section 17203 after the passage of Proposition 64, the

> **PAGA does not require that an action brought by an aggrieved employee comply with section 382 of the Code of Civil Procedure**.
>
> The Legislature has made clear that an action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a private attorney general to collect penalties from employers who violate labor laws. **Such an action is fundamentally a law enforcement action designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not the primary object of a PAGA action, as it is in most class actions.** ( People v. Pacific Land Research Co. (1977) 20 Cal.3d 10, 17, 141 Cal.Rptr. 20, 569 P.2d 125; Corbett v. Superior Court, supra, 101 Cal.App.4th at p. 683, 125 Cal.Rptr.2d 46.) **Thus, both the purpose and the language of PAGA indicate an enforcement action on behalf of others need not be brought as a class action**.
>
> Angelo Dairy argues that it is "hornbook law that a named plaintiff cannot recover on behalf of an unnamed non-party without pursuing the claims as a class action." However, as was true of UCL actions prior to Proposition 64, the Legislature may specifically provide for such a non-class representative action, and it has done so here. (emphasis added)

Subsequently, another California Court of Appeal agreed with the reasoning in <u>Arias</u>, <u>supra</u>, and held that the Legislature expressly intended to permit employees to recover civil penalties on behalf of other employees without requiring them to comply with class action procedures. (<u>Sinolinding</u> v. <u>United Staffing Solutions, Inc</u>. (2008) 2008 WL 134904, *8-10: "The Legislature's expression of intent to override other provisions, coupled with its omission of any

mention of Code of Civil Procedure section 382, leads to the inescapable conclusion that it did not intend for class action procedures to apply to actions under section 2699.")

Notwithstanding the express language of PAGA, defendants ask the Court to look at the legislative history of PAGA, but there is nothing in that history that states or even suggests a "class action" is required to seek PAGA remedies on behalf of other aggrieved employees. If the legislature believed it was necessary to require class certification to avoid possible "abuses" of the process it would have said so. It did not.

**B.    RULE 23 HAS NO BEARING ON PLAINTIFFS' RIGHT TO BRING A PAGA CLAIM ON BEHALF OF OTHER AGGRIEVED EMPLOYEES BECAUSE RULE 23 ONLY GOVERNS CLASS ACTIONS NOT ALL TYPES OF REPRESENTATIVE ACTIONS.**

Secondly, defendant argues that Rule 23 requires plaintiffs to certify a class in order to recover civil penalties on behalf of other employees. Rule 23 (a) imposes requirements when "one or more members of a class" seek to sue as "representative parties on behalf of all members." Plaintiffs do <u>not</u> seek to sue as "members of a class" or to represent a "class" of persons. Therefore, the procedural requirements of Rule 23 simply do not apply. There is nothing in Rule 23 or the discussion presented by defendants that mandates a person can obtain relief on behalf of other persons <u>only</u> by following the class action procedures.

The purpose of Rule 23 is to establish a "set of procedures" that, if followed, meet the minimum requirements of due process.   There are other ways to bring representative actions of various types that also meet the requirements of due process.

As the California Supreme Court held in <u>Kraus</u> v. <u>Trinity Management Services</u>, <u>Inc</u>. (2000) 23 Cal.4th 116, 138, allowing a private attorney general to seek restitution on behalf of other affected consumers does not violate the due process rights of the defendant.   This point will be discussed in greater detail in a later argument section, but the point to be made here is that class actions are not always required to obtain relief on behalf of others.   <u>Kraus</u> has been followed in federal courts. As long as the named plaintiff has Article III standing (another point discussed below), he or she can seek restitution under the UCL in a non-class representative action, without complying with Rule 23.   (See <u>O'Connor</u> v. <u>Boeing North American</u>, <u>Inc</u>. (C.D.Cal. 2000) 197 F.R.D. 404, 420.)   Compliance with Rule 23 is not required for non-class UCL representative actions.   The same reasoning should apply to representative actions brought under PAGA.

**C.   PLAINTIFFS HAVE ARTICLE III STANDING BECAUSE THEY SUFFERED INJURY IN FACT; THERE IS NO REQUIREMENT THAT THE OTHER AGGRIEVED EMPLOYEES HAVE STANDING BUT EVEN IF THAT WERE REQUIRED, THE OTHER AGGRIEVED EMPLOYEES DO AS WELL.**

Thirdly, defendants make a convoluted argument that plaintiffs lack Article III standing to seek civil penalties on behalf of other aggrieved employees. This argument is convoluted because standing is a requirement that the <u>plaintiffs</u> must meet in order to be plaintiffs in federal court; it has nothing to do with the non-party other aggrieved employees who might benefit as well from this lawsuit.

Federal courts require the named plaintiff to have Article III standing which means he must have suffered an injury in fact—an invasion of a legally protected interest which is: (1) concrete and particularized; and (2) actual or imminent, not conjectural or hypothetical. (See <u>Lujan</u> v. <u>Defenders</u> <u>of</u> <u>Wildlife</u> (1992) 504 U.S. 555, 560-61. Plaintiffs have pled that they suffered violations of numerous Labor Code statutes because they worked overtime and were denied meal and rest breaks without compensation. (Second Amended Complaint, ¶ 16-17, 28, 51-52, 60-61.) This constitutes injury in fact. Even if the non-class aggrieved employees were also required to have suffered an injury in fact (they are not so required) they too would meet this requirement as they would not be "aggrieved" unless they had suffered injury in fact.

Defendants rely upon <u>Wilson</u> v. <u>Norbreck,</u> <u>LLC</u> (E.D.Cal 2005) 2005 WL 3439714 for the proposition that because of the Article III standing requirement, a plaintiff cannot bring a representative claim under California's Unfair Competition Law (UCL) which is in some ways analogous to a representative claim under

PAGA.  If this is what <u>Wilson</u> actually held, and it is far from clear what the court was trying to make, it is simply wrongly decided.  Article III standing is only a limit on the named plaintiff.  A UCL plaintiff who has standing to bring his personal claims can also bring representative claims.  That is what was allowed in the published decision, <u>O'Connor</u> v. <u>Boeing</u> <u>North</u> <u>American</u>, <u>Inc</u>., <u>supra</u>, cited above.  As explained recently in <u>Doran</u> v. <u>7-Eleven</u>, <u>Inc</u>. (9th Cir. 2008) 524 F.3d 1034, 1041-1047, when a plaintiff has personally suffered legal violations that give him standing under Article III, he can seek injunctive relief that reaches other related violations suffered by other persons.  The scope of relief available is not limited by Article III standing requirements.

> **D.    SINCE A PAGA CLAIM IS A CLAIM AT LAW NOT IN EQUITY, THE COURT HAS NO DISCRETION TO DECIDE NOT TO PERMIT THE LEGAL CLAIM TO BE BROUGHT.**

Fourthly, defendants argue that this Court should exercise its discretion to decline to allow plaintiffs to bring a representative action.  Defendants note that under California law, a court can decline to permit a non-class representative action <u>under</u> <u>the</u> UCL to be brought.  In <u>Kraus</u>, <u>supra</u>, 23 Cal.4th at p. 138, the Supreme Court explained:  "[B]ecause a UCL action is one in equity, in any case in which a defendant can demonstrate a potential for harm or show that the action is not one brought by a competent plaintiff for the benefit of injured parties, the

court may decline to entertain the action as a representative suit."  Various factors that might influence that determination are set forth in <u>Marshall</u> v. <u>Standard Ins. Co.</u> (C.D.Cal. 2000) 214 F.Supp.2d 1062, 1069, cited by defendants.

However, this line of cases is completely irrelevant because an action for PAGA civil penalties on behalf of other aggrieved employees is <u>not</u> an action in equity.  In fact, it is the exact opposite—it is a law enforcement action.  The Court has no more discretion to "decline" (based upon equitable factors) to hear a PAGA action on behalf of other aggrieved employees than it would to decline to hear a breach of contract, personal injury or any other action in law. Although UCL and PAGA actions are similar in several ways, this is one important way in which they are strikingly different.

**E.   ALLOWING PLAINTIFFS TO SEEK CIVIL PENALTIES ON BEHALF OF OTHER AGGRIEVED EMPLOYEES DOES NOT VIOLATE ANYONE'S RIGHT TO DUE PROCESS.**

Fifthly, defendants argue allowing plaintiffs to recover civil penalties on behalf of other aggrieved employees would violate the due process rights of defendants as well as the other aggrieved employees.  Both contentions are wrong.

Defendants disingenuously worry that the due process rights of the other employees are implicated because if plaintiffs "only" seek recovery of the civil penalties, then the other employees were be barred from seeking other remedies for

the underlying Labor Code violations by the doctrine of res judicata.  The premise is mistaken.  Since the other aggrieved employees are not parties and since this is <u>not</u> a class action, the other aggrieved employees would not be barred from pursuing any other remedies or claims in the future—regardless how this trial ends. Moreover, an action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty. It does not preclude an employee from pursuing any other claim he may have available under law. (Labor Code § 2699 (g) (1); see, <u>Arias</u>, <u>supra</u>, 63 Cal.Rptr.3d at p. 279.)

The case cited by defendant (68 years old) has no bearing on the issue as it is limited to the effect of a class action judgment.  In any event, defendants contradict themselves on the page 18, arguing both that other employees would be bound by the trial judgment and that they would not: "If Defendants prevail on the claims, each and every unsuccessful unnamed plaintiff would still be free to pursue his or her claims against Defendants despite the fact that the uncertified representative claims were previously adjudicated in favor of Defendants."  (Motion, p. 18.)

Of more pressing concern to defendants is no doubt their argument that <u>their</u> due process rights would be compromised because of "one-way" intervention.  If this lawsuit is unsuccessful, the other employees would still be free to bring their own actions to recover civil penalties in the future.  However, the California Supreme Court already addressed the question whether this type of phenomenon

13

created a real due process concern for defendants.

In <u>Kraus</u>, <u>supra</u>, the California Supreme Court was presented with the argument that allowing non-class representative actions under the UCL would infringe the due process rights of defendants because if the lawsuit was successful, defendants would have to pay restitution but it if were not successful a different "member of the public" could bring a new UCL action seeking restitution for the same violations.  The Supreme Court rejected the argument by pointing out that it was extremely unlikely that other persons would being the same claims if they had been successfully adjudicated against the affected consumers in the past and that no defendant would be required to make restitution for the same loss twice.  (23 Cal.4th at p. 138; see also <u>Prata</u> v. <u>Superior</u> <u>Court</u> (2001) 91 Cal.App.4th 1128, 1142 (agreeing no due process concerns are implicated).)

The only California case to specifically address the due process argument concerning PAGA is <u>Sinolinding</u>, <u>supra</u>, 2008 WL 134904, *8-10, where the court held:  "We find no basis for concluding, as the trial court did, that permitting an employee to maintain a representative action without satisfying the class action requirements violates due process."   The court reasoned that if non-class representative actions under the UCL do not violate due process then neither do non-class representative actions under PAGA.  (<u>Id</u>.)

This reasoning has merit because there is only a one year statute of

limitations on civil penalties under PAGA so an employee who sat back and waited for the results of a trial #1 before bringing his own PAGA action for civil penalties as to the same violations would find his claims to be time barred.   Thus, defendants' expressed fear that even if they prevail at trial, they will be subjected to "a potential unending series of PAGA lawsuits by others claiming to be 'aggrieved' by the same conduct," is unjustified.   While it is possible defendants might be sued in the future even if it wins this trial, those lawsuits would be based upon <u>different and later</u> pay periods than those adjudicated in this trial.

There is nothing in the <u>Fireside Bank</u> v. <u>Superior Court</u> (2007) 40 Cal.4[th] 1069 case cited by defendants that undermines the due process analysis of <u>Kraus</u>, et. al.   <u>Fireside Bank</u> simply reaffirmed that in a class action a defendant can choose whether to force the court to rule on the substantive defenses before or after class certification.   It did not hold that non-class representative actions violate due process.[1]

Defendants also argue that they have a due process right to see the evidence as to each person, and to defend themselves by presenting evidence as to each

---

[1]While some intermediate courts have occasionally articulated due process concerns about non-class UCL representative actions, no California court has ruled that non-class UCL representative actions violate due process and therefore can never be permitted.   Such a ruling would be contrary to <u>Kraus</u>, <u>supra</u>.   In the <u>Rosenbluth International, Inc</u>. v. <u>Superior Court</u> (2002) 101 Cal.App.4[th] 1073 case cited by defendants, the court held that a sophisticated corporate plaintiffs could not bring a UCL action on behalf of other sophisticated corporate plaintiffs. Obviously such a ruling has no bearing on this employee v. employer lawsuit.

15

person.  Without conceding any "due process right" is at issue, the fact is that in a PAGA trial defendants <u>will</u> see the evidence as to <u>each</u> aggrieved employee and <u>will</u> have the right to defend themselves by presenting evidence as to <u>each</u> aggrieved employee.   Whether this presentation of the evidence will be accomplished by statistical analysis, sampling of data, live testimony or a combination of these approaches will be in the Court's discretion as a trial management concern.   But, in order to recover a civil penalty as to any one particular aggrieved employee, plaintiffs will have to establish by a preponderance of the evidence that the particular employee suffered a labor code violation during a particular pay period.  **Thus, there is nothing inherent in a PAGA trial that would interfere with defendants' due process rights to present or dispute evidence.**

## <u>CONCLUSION</u>

For the above stated reasons, plaintiffs respectfully urge the Court to deny the motion for judgment on the pleadings except as to the one issue that does require filing of an amended pleading.

DATED: December 26, 2008

Respectfully submitted,

By    _____/s/_____

JEFFREY WILENS
Attorney for Plaintiffs

16